## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FRED WERTH,**

      Plaintiff/Petitioner,

v.                                     **Civ. No. 12-0856 MCA/WDS**

**AYN STERN**,

      Defendant/Respondent.

### MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court, *sua sponte,* on Defendant Ayn Stern's[1] *Notice of Removal to United States District Court*, filed August 9, 2012 [Doc. 1]; on her *Amended Notice of Removal to United States District Court*, filed August 17, 2012 [Doc. 7]; and on her *Certification in Support of the First Amended Notice of Removal*, filed August 17, 2012 [Doc. 8].  Stern is attempting to remove three cases from the First Judicial District Court: a domestic-violence action brought by Fred Werth against Sterns, which was dismissed and transferred to the civil division on July 20, 2012 because it was not a domestic-violence case and is no longer active, *see Werth v. Stern*, No. D-101-DV-2012-382; the civil action to which the domestic-violence action was transferred for resolution of Werth's petition for a temporary restraining order (TRO), *see Werth v. Stern*, No. D-101-CV-2012-02011; and *Werth's* 1998 divorce case that is still open because of child-support issues, and to which Stern is not a party, *see Werth v. Werth*, No. D-101-DM-1998-0613.  *See* Doc. 1, Ex. 1; Doc. 7 at 1; Doc. 8, Ex. 1.  The Court has duty to ascertain its subject-matter jurisdiction and to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *Cunningham v. BHP Petroleum Great*

---

[1] Ayn Stern is also known as Ann Stern, Onya Levie, and Ayn Lev.

*Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) ("Once the district court determined that it lacked diversity jurisdiction, it should have remanded the case back to state court."). Reviewing the record and considering the applicable law, the Court will remand the civil case, *Werth v. Stern*, No. D-101-CV-2012-02011 to the First Judicial District Court, State of New Mexico, County of Santa Fe, and notes that Stern's attempt to remove Werth's divorce case, in which she is not a real party in interest, and the domestic violence case, which no longer exists, are void because she has no standing to seek judicial action with regard to those cases.

**I. Stern improperly removed this case.**

"There is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, *Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted). The removing party bears the burden of establishing the requirements for federal jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Stern is a frequent frivolous filer in this Court, having previously unsuccessfully removed state-court cases here. *See Dupwe v. Stern*, No. 08cv0988 JB/WDS Doc. 21 at 9 (D.N.M. Feb. 27, 2009) (noting that the case presented a "garden-variety landlord-tenant dispute;" holding that the Court "has no subject-matter jurisdiction over this case [because o]n the face of Dupwe's Complaint, there are no federal questions, no indication of possible diversity citizenship, and no allegation of a federal claim or federal jurisdiction;" and holding that, because there was "no objectively reasonable basis for removing this case to federal court," it was "appropriate to award attorney's fees" to the plaintiff in the underlying suit); and subsequently having been again expressly instructed

2

that she cannot remove state-court suits that contain only state-law claims under § 1331 and § 1441, *see Brown v. Lev*, No. 10cv783 PJK/RLP Doc. 11 (D.N.M. Oct. 7, 2010) ("It is apparent that no federal question is involved, and that even if the parties are diverse, . . . the initial documents in this case suggest to a legal certainty that the amount in controversy requirement is not met. . . .  Because it is not, jurisdiction in federal court is not proper and the case must be remanded to state court."). A federal court in Pennsylvania also instructed Stern in 2006 that it is improper to remove state-law landlord-tenant disputes that "do not involve diverse parties . . . [or] raise a federal question." *See Stern v. Daenzer*, No. 2:06cv5098 Doc. 3 (E. D. Penn. Nov. 22, 2006).  Clearly, Stern appears to be using removal proceedings for the purposes of delay and to avoid negative rulings in the state courts.

She does so again in this case.  Werth filed the motion for a temporary restraining order against Stern on July 9, 2012 in case No. D-101-DV-2012-382. *See* Doc. 1, Ex. 1 at 1.  Stern failed to attach a copy of the motion to her notice of removal, in violation of 28 U.S.C. § 1446(a).  Stern responded to the motion on July 12, 2012. *See* Doc. 1, Ex. 7.  The state court held a hearing on July 18, 2012, which Stern attended, after which it transferred the case to the civil division, and closed the domestic-violence case. *See id. see* Doc. 1, Ex. 6 (July 19, 2012 Order dismissing domestic violence petition without prejudice "to raising issues in civil matter but not as DV matter").  The state court then issued a temporary restraining order against Stern on July 20, 2012, but Stern has submitted only the first page of the Order. *See* Doc. 1, Ex. 11.  The state court then set another hearing for August 9, 2012 at 1:00 p.m., but Stern filed the notice of removal the day the hearing was set. *See* Doc. 7 at 1-2.

Section 1331 permits removal of a case based on a federal question.  28 U.S.C. § 1331. "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987).

> The presence or absence of federal-question jurisdiction is governed by the "well pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Id.* (internal citations omitted).

Because Stern did not attach a copy of Werth's motion for TRO, the Court cannot review it, but it is clear from Stern's response and other filings that the motion is not based on a federal question. The original Notice of Removal alleges only that "REMOVAL of this action is proper pursuant to §1331 and §1441 of Title 28 of the United States Code."  Doc. 1 at 2.  Stern's subsequently filed *Certification in Support of Removal* repeatedly refers to Werth's unrelated divorce proceedings, *see* Doc. 8 at 2-3, which are not the subject of his motion for a temporary restraining order.  *See* Doc. 1, Ex. 7 (Stern's responses to Werth's allegations).   She also makes vague statements in the *Certification* regarding alleged "vicious [unspecified] retaliation by various [unnamed] State actors for several years because the State of New Mexico . . . colludes with pedophiles," Doc. 8 at 3, that have nothing to do with Werth's motion for a TRO.  In short, nothing supports removal of Werth's motion for TRO against Stern on the basis of an alleged federal question.

Because Stern has not met her burden of establishing that this Court has subject-matter jurisdiction, the case must be remanded to state-court.

Stern also has no standing to seek judicial action regarding Werth's divorce proceedings or a closed case because she can not allege that she is a real party in interest in the divorce proceedings and the domestic violence proceedings are now moot because they are closed.  *See Elk Grove*

4

*Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004); *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004); *FDIC v. Geldermann, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992).

**IT IS THEREFORE HEREBY ORDERED** that this matter and Defendant Ayn Stern's *Notice of Removal to United States District Court* [Doc. 1] and her *Amended Notice of Removal to United States District Court* [Doc. 7] are REMANDED to the First Judicial District Court, State of New Mexico, County of Santa Fe, for want of subject-matter jurisdiction, and that the Clerk shall mail a certified copy of this Order of remand to the state-district-court clerk's office.

**SO ORDERED** this 7th day of September, 2012.


M. CHRISTINA ARMIJO
**UNITED STATES DISTRICT JUDGE**